J. NEWTON THAYER

v.

HENRY McEWEN ET AL.

1. ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS.—A communication made by a client to his attorney in respect to a matter concerning his case, is privileged, but this privilege does not extend to and excuse an attorney from testifying in regard to an agreement for settlement made by him with the opposite party at the request of his own client.

2. INSTRUCTION AS TO STATUTE OF FRAUDS.—The defense, as set out by the plea, was the delivery and acceptance of a house and barn in payment of the note sued on. On the trial, the court, at the instance of plaintiffs, gave an instruction based upon the Statute of Frauds, to the effect that a parol agreement to sell and deliver a house, the house constituting a part of the real estate upon which it stood, was void. This was error; the Statute of Frauds has no application in a case like the present, and the instruction was misleading.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed November 1, 1879.

Messrs. JORDAN & STOUGH, for appellant; that the verdict is clearly against the weight of evidence, and the judgment should be reversed, cited Puterbaugh v. Crittenden, 55 Ill. 485; Waggeman v. Lombard, 56 Ill. 42; Goodwin v. Durham, 56 Ill. 239; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Smith v. Slocum, 62 Ill. 354; Knott v. Skinner, 63 Ill. 239; Hibbard v. Molloy, 63 Ill. 471.

The relevancy of evidence offered is tested by the pleadings: Quincy Whig Co. v. Tillson, 67 Ill. 351; Disbrow v. C. & N. W. R. R. Co. 70 Ill, 246.

The issue of a summons is the commencement of a suit: Feazle v. Simpson, 1 Scam. 30.

An unexecuted parol agreement for sale of lands is not void, but voidable: Mitchell v. King, 77 Ill. 462.

An actual change of possession of personal property is unnecessary, *inter partes*, to pass title: Cruikshank v. Cogswell,

26 Ill. 366; Kohl v. Lindley, 39 Ill. 195; Tuttle v. Robinson, 78 Ill. 332.

To constitute fraud there must be willful and fraudulent representation of facts, with a design to deceive and defraud: McConnell v. Wilcox, 1 Scam. 344; Mitchell v. Deeds, 49 Ill. 416; Fish v. Cleland, 33 Ill. 237.

The Statute of Frauds cannot be set up for the first time by way of instruction: Warren v. Dickson, 27 Ill. 115.

If the statute is not pleaded, the agreement will be enforced: Chicago Dock Co. v. Kinzie, 49 Ill. 289; Mitchell v. King, 77 Ill. 462.

To the plea of accord and satisfaction, the plaintiffs replied denying delivery and acceptance, and they are confined to this issue: Taylor v. Merrill, 55 Ill. 52; Durant v. Rogers, 71 Ill. 121.

Unless there had been a delivery and acceptance of the house, as alleged in the plea, the agreement was within the Statute of Frauds, and the statute should have been pleaded: Dooley v. Crist, 25 Ill. 551; Matzon v. Griffin, 78 Ill. 477.

The instruction was calculated to mislead and therefore erroneous: Brown v. Graham, 24 Ill. 628; Adams v. Smith, 58 Ill. 417; Webber v. Brown, 38 Ill. 87.

Messrs. HILL & DIBBELL, for appellees; that a party need not plead the Statute of Frauds to a parol contract for the sale of lands, when he is not charged with having made such a contract, cited Taylor v. Merrill, 55 Ill. 52; Durant v. Rogers, 71 Ill. 121.

*Prima facie*, all buildings are a part of the realty, and the burden is upon those who claim them as personal property, to show their character: Ewell on fixtures, 66; Dooley v. Crist, 25 Ill. 551.

A necessary clause once inserted need not be repeated in each sentence of an instruction: Gizler v. Witzel, 82 Ill. 322.

Part execution of a parol contract has no effect in law to take it out of the Statute of Frauds: Wheeler v. Frankenthal, 78 Ill. 124; Warner v. Hale, 65 Ill. 395; Browne on Frauds, § 451; Kidder v. Hunt, 1 Pick. 331; Thompson v. Gould, 20 Pick.

138; Adams v. Townsend, 1 Met. 483; Abbott v. Draper, 4 Denio, 52; Barickman v. Kuykendal, 6 Blackf. 24; Pomeroy on Specific Performance, § 98.

The title to this house was in the mortgagee of the land, and he had the right to reclaim it if removed: Dorr v. Dudderar, 88 Ill. 107.

PILLSBURY, P. J.   This action is brought by appellees against appellant to recover upon a promissory note.  The note was given for lumber purchased to build a house upon the farm of appellant.

The principal contest between the parties, arises upon the plea of accord and satisfaction filed by the defendant in the court below.   This plea alleges the delivery and acceptance of a house and barn in full satisfaction of the note.   The appellant claims and introduced evidence tending to show that he made an agreement to move the house and barn from the land where erected to another piece of land, and to there deliver the same to appellees in full satisfaction of the note and that he did so.   He testifies that he saw Henry McEwen about taking the house and barn and that he, McEwen, told him to go and see Judge Hopkins about the matter; that he then made the arrangement with Hopkins.

On the trial, appellant called Hopkins to prove the agreement made between him and said Hopkins, but Hopkins claimed that at the time, he was the attorney for appellees and declined to testify on the ground that he being the attorney, was privileged from testifying to the agreement with appellant. This position was sustained by the Circuit Court to which the appellant excepted and now assigns such action of the Circuit Court for error.

We are all of the opinion that this was error in the court below.   It is the right of every one to freely communicate to his counsel any matter concerning his case, to the end that the counsel can properly prepare and present his client's cause to the court or jury, and all such communications are properly privileged, but we are aware of no case holding that an attorney is privileged from testifying to any agreement made with the

opposite party at the request of his own client.   Such a transaction does not come within the rule of privileged communications between attorneys and client.   Since the claim of appellant as to the terms of the contract was disputed by the appellees, we can see that this action of the court might and probably did work serious injustice to the appellant.

On the trial the court gave to the jury, at the instance of appellees, the following instruction:

3.   "Under the laws of this State, an unexecuted parol contract, or agreement for the sale of land, or of the buildings thereon, or of any interest resting in parol, and not reduced to writing and signed by the parties, or one of them, is absolutely void, and even if the jury believe from the evidence in this case that the plaintiffs and defendant entered into a parol agreement or contract by word of mouth, for the sale and delivery of a house, that house constituting a part of the real estate upon which it was located, such contract was void at law and incapable of being made the basis of a defense in this action, and on this point the law is for the plaintiffs."

We are unable to see wherein the Statute of Frauds has any application to this case.

The plea alleges a delivery and acceptance of the house and barn, and if sustained, the contract became executed, and if not sustained, the defense fails.

The instruction was calculated to mislead the jury, and should not have been given.   If, as appellant claims, it should appear upon another trial that appellees were informed of the state of the title to the land and buildings and then made the agreement to surrender the note if the appellant would move the house and barn to the other tract, and he complied, and the appellee accepted the same after such removal, the defense would be complete to a recovery upon the note.   And it would be no answer to such contract if made with a full knowledge of the facts that the buildings were taken from them by the mortgagees of the premises.

On the other hand, however, if the appellant, through any fraudulent misrepresentation of the title, or fraudulent concealment of any material facts connected with the title,

procured the appellees to enter into the alleged agreement, to take the house and barn, they would not be obliged to abide by its terms, but could, upon showing such facts as would entitle them to avoid such contract, recover upon the note.

Upon another trial the terms of the contract can be ascertained and its good faith determined by the jury, under proper instructions from the court.

The judgment will be reversed and cause remanded.

Judgment reversed.